Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVELISSE VIRELLA, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>CELENTANO, STADTMAUER & WALENTOWICZ, LLP and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## LOCAL CIVIL RULE 10.1 STATEMENT

1.  The mailing addresses of the parties to this action are:

    IVELISSE VIRELLA
    45 Zabriskie Street
    Haledon, New Jersey 07508

    CELENTANO, STADTMAUER & WALENTOWICZ, LLP
    1035 Route 46 East, Suite B208
    Clifton, New Jersey 07015

## PRELIMINARY STATEMENT

2.  Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that the Defendant, CELENTANO, STADTMAUER &

WALENTOWICZ, LLP ("CELENTANO LAW") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Passaic County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. CELENTANO LAW is law firm with an office at 1035 Route 46 East, Suite B208, Clifton, New Jersey 07015.

8. CELENTANO LAW uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. CELENTANO LAW is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from CELENTANO LAW (*See* **Exhibit A**), which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that

violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A).** The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i.   Whether the Defendants violated various provisions of the FDCPA;

   ii.  Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv.  Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to July 31, 2019, Plaintiff allegedly incurred a financial obligation to HACKENSACK UNIVERSITY MEDICAL CENTER ("HACKENSACK MEDICAL").

19. Plaintiff allegedly incurred the HACKENSACK MEDICAL obligation in connection with medical services provided.

20. The HACKENSACK MEDICAL obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21. Plaintiff incurred the HACKENSACK MEDICAL obligation by obtaining goods and services which were primarily for personal, family and household purposes.

22. The HACKENSACK MEDICAL obligation did not arise out of a transaction that was for non-personal use.

23. The HACKENSACK MEDICAL obligation did not arise out of a transaction that was for business use.

24. The HACKENSACK MEDICAL obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. HACKENSACK MEDICAL and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. On or before July 31, 2019, the HACKENSACK MEDICAL obligation was referred to CELENTANO LAW for the purpose of collection.

27. At the time the HACKENSACK MEDICAL obligation was referred to CELENTANO LAW the HACKENSACK MEDICAL obligation was past due.

28. At the time the HACKENSACK MEDICAL obligation was referred to CELENTANO LAW the HACKENSACK MEDICAL obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

29. Defendants caused to be delivered to Plaintiff a letter dated July 31, 2019, which was addressed to Plaintiff and sought a balance of $689.64 on the HACKENSACK MEDICAL

obligation. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

30. The July 31, 2019 letter was sent to Plaintiff in connection with the collection of the HACKENSACK MEDICAL obligation.

31. The July 31, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32. The July 31, 2019 letter was the initial written communication that Plaintiff received from Defendant. No other written communication was received by Plaintiff from Defendant within five days of the July 31, 2019 letter.

33. Upon receipt, Plaintiff read the July 31, 2019 letter.

34. The July 31, 2019 letter stated in part:

> This letter is not an implied or actual threat of litigation on the above-referenced debt.
>
> This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. The Third Circuit Court of Appeals has determined that any dispute to a debt collector must be made in writing. If you notify this office in writing within 30 days after receiving this notice that you dispute this debt or any portion thereof, this office will obtain verification of the debt and any copy of a judgment, or the name and address of the original creditor if different from the current creditor and will provide the information to you in writing.

35. Included in the paragraph above was the following:

> The *Third Circuit Court of Appeals* has determined that **any dispute** to a debt collector must be made in writing. (emphasis added)

36. Defendant's letter requires Plaintiff and others similarly situated to perform some type of research to determine what the *Third Circuit Court of Appeals* means.

37. While it is debatable whether the *Third Circuit Court of Appeals* has ruled that any dispute under 15 U.S.C. 1692g(a)(3) must be in writing, it did not rule that any dispute a consumer wishes to make regarding a debt must be in writing.

38. A consumer may effectively make a dispute to a debt collector over the telephone, including notifying the debt collector that the consumer is the victim of identity theft..

39. CELENTANO LAW knew or should have known that its actions violated the FDCPA.

40. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

41. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Failing to provide the notices required under the FDCPA; and

   (c) Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

42. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

43. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

44. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

45. Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

46. Defendant's letters would cause the least sophisticated consumer to believe that no disputes could be made to the debt collector, except in writing.

47. The July 31, 2019 letter fails to properly inform the least sophisticated consumer of his or her rights as mandated by 15 U.S.C. § 1692g(a)(3).

48. Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

49. Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e and § 1692e(10).

50. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

51. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

52. Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

53. Defendant violated the FDCPA by overshadowing and/or contradicting the notice mandated by 15 U.S.C. § 1692g(a)(3),

54. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

55. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

56. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

57. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

58. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

59. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

60. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 2, 2019                     Respectfully submitted,

By:     *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: December 2, 2019

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff